[Cite as *Liquidation Properties v. Mosley*, 2012-Ohio-6281.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

|  |  |  |
|---|---|---|
| LIQUIDATION PROPERTIES, INC., c/o American Home Mortgage Servicing, Inc., | : : : : | Case No. 11CA3453 |
| Plaintiff-Appellant, | : : | |
| v. | : : | |
| TINA MOSLEY, et al., | : : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellees. | : : | Filed: December 27, 2012 |

_____

APPEARANCES:

Jason A. Whitacre and Laura C. Infante, The Law Offices of John D. Clunk, Stow, Ohio, for Appellant.

Mark J. Cardosi, Southeastern Ohio Legal Services, Portsmouth, Ohio, for Appellees.

_____

Kline, J.:

{¶1}    Liquidation Properties, Inc., c/o American Home Mortgage Servicing, Inc. (hereinafter "Liquidation Properties")[1] appeals the judgment of the Scioto County Court of Common Pleas.  This case involves a complaint in foreclosure, but, significantly, Liquidation Properties no longer has an interest in the Appellees' mortgage.  As a result, Liquidation Properties lacks standing to challenge the trial court's ruling, and we must dismiss this appeal.

I.

_____
[1] At some point, Liquidation Properties changed its name to Citi Property Holdings Inc. Nevertheless, the Appellant has referred to itself as "Liquidation Properties, Inc." throughout this matter.

{¶2}    On July 21, 2009, Liquidation Properties filed a complaint in foreclosure against Tina Mosley and Tim Mosley (collectively, the "Mosleys").[2]

{¶3}    During summary-judgment proceedings, Liquidation Properties and the Mosleys reached an agreement. The Mosleys agreed that they were in default on the mortgage, and Liquidation Properties agreed not to pursue a sheriff's sale "at any time prior to December 4, 2010[.]" July 9, 2010 Consent Judgment Entry. Liquidation Properties also agreed to "review the loan account upon a positive change [in] Defendants' income and * * * act in good faith to make available any appropriate settlement options." *Id.*

{¶4}    On July 9, 2010, the trial court entered a Consent Judgment Entry based upon the parties' agreement.

{¶5}    Eventually, the trial court ordered a sheriff's sale of the property. The Mosleys, however, filed for bankruptcy four days before the sale was to take place.

{¶6}    The bankruptcy stay was vacated on May 25, 2011. Then, on June 3, 2011, the trial court ordered another sheriff's sale of the property. The sale was eventually set for August 3, 2011.

{¶7}    On June 21, 2011, Liquidation Properties assigned the Mosleys' mortgage to Aspen Shackleton III LLC (hereinafter "Aspen Shackleton"). As a result, on July 5, 2011, Liquidation Properties filed a Notice of Substitution of Plaintiff. This notice states the following:

---

[2] Throughout this matter, the Appellees have been referred to as both the "Mosleys" and the "Moselys." It appears, however, that "Mosley" is the correct spelling.

NOW COMES Plaintiff, by and through its counsel, and hereby moves this Court for a notice substituting Aspen Shackleton III LLC as the proper Plaintiff in this matter.

This notice is supported in that the Note and Mortgage which are the subject of this action have been assigned to Aspen Shackleton III LLC. A copy of the assignment of mortgage is attached hereto and incorporated herein[.]

WHEREFORE Aspen Shackleton III LLC is the proper party Plaintiff and should be substituted as Plaintiff herein.

The attached Assignment of Mortgage states:

For Valuable Consideration, the undersigned, Citi Property Holdings Inc., formerly known as Liquidation Properties, Inc. (Assignor), by these presents [sic] does assign and set over, without recourse to Aspen Shackleton III LLC, P.O. Box 25430, Portland, OR 97298 (Assignee) the described Mortgage with all interest, all liens, any rights due or to become due thereon, executed by Tina Mosely and Timothy Mosely[.]

{¶8} On July 8, 2011, the Mosleys filed a motion under Civ.R. 60(B). The Mosleys "pray[ed] for relief from the previously entered Consent Entry of July 9, 2010[,] so as to proceed with discovery and trial of this case." Defendants' Motion for Rule 60(B) Relief/To Quash Sheriff's Sale at 8.

{¶9}     On July 21, 2011, *Aspen Shackleton* filed a brief in opposition to the Mosleys' Civ.R. 60(B) motion.

{¶10}     After an oral hearing, the trial court granted the Mosleys' motion for Civ.R. 60(B) relief.  The trial court found the following:

> This matter comes before the Court upon Defendants'
> Motion for Rule 60(B) Relief/to Quash Sheriff's Sale filed
> July 8, 2011, along with Substituted-Plaintiff's Brief in
> Opposition to Defendant's Mosley's [sic] Motion for Rule
> 60(B) Relief/to Quash Sheriff's sale filed July 21, 2011.
>
> The Court having reviewed the entire file herein finds
> there to be numerous irregularities that, if proven, would
> establish the elements of fraud.
>
> Based upon the foregoing, the Court finds
> Defendants' motion to be well taken, and hereby permits
> Defendants' [sic] the opportunity to proceed with discovery
> and trial of this case.

{¶11}     *Liquidation Properties* filed a notice of appeal on October 6, 2011.  Then, on December 27, 2011, *Liquidation Properties* filed its appellate brief.  Aspen Shackleton is not a party to this appeal.

{¶12}     On appeal, Liquidation Properties asserts the following assignment of error: "The Trial Court abused its discretion and acted in an unreasonable and arbitrary manner when it granted Appellees' Motion for Relief from Judgment, explicitly ignoring the parties' settlement through a Consent Judgment Entry, admitted hearsay evidence

set forth by Appellees without any authentication over Appellant's objection and failed to apply the entirety of the *GTE Automatic* test to the Motion for Relief from Judgment."

II.

**{¶13}** In its sole assignment of error, Liquidation Properties contends that the trial court erred in granting the Mosleys' Civ.R. 60(B) motion. But we will not review this assignment of error because Liquidation Properties lacks standing to bring this appeal.

**{¶14}** Whether a party has standing to appeal "is jurisdictional and may be raised sua sponte." *In re Forfeiture of John Deere Tractor*, 4th Dist. No. 05CA26, 2006-Ohio-388, ¶ 10. In an appellate context, "[t]he doctrine of standing holds that only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision of the lower court possess the right to appeal." *In re Estate of Jones*, 4th Dist. No. 09CA879, 2009-Ohio-4457, ¶ 22, citing *Willoughby Hills v. C.C. Bar's Sahara*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992); *accord Battersby v. Lake Cty.*, 11th Dist. No. 2006-L-149, 2006-Ohio-6873, ¶ 7. Thus, to have standing, "an appellant must be an aggrieved party whose rights have been adversely affected by the order appealed." *John Deere Tractor* at ¶ 10.

**{¶15}** In *Battersby*, for example, the appellants did not have standing to appeal because they had transferred their interest in the subject matter of the litigation. The *Battersby* appellants sought declaratory relief in relation to back property taxes, but the Eleventh District Court of Appeals held the following: "Since appellants transferred the real estate to [a family member], he is the individual charged with the taxes. Thus, appellants no longer own the real property and do not have standing to pursue this appeal. [T]hey do not currently have a tax debt controversy with appellees." *Id.* at ¶ 8.

{¶16}    Here, Liquidation Properties is not an aggrieved party because it no longer has an interest in the Mosleys' mortgage.  Liquidation Properties assigned the Mosleys' mortgage to Aspen Shackleton.  Therefore, Aspen Shackleton is the party with a present interest in the litigation, and it is Aspen Shackleton that has been prejudiced by the trial court's decision.  The resolution of this appeal has no bearing on Liquidation Properties.  And for that reason, Liquidation Properties lacks standing to bring this appeal.

{¶17}    Finally, there is no evidence that Liquidation Properties and Aspen Shackleton are one and the same -- i.e., there is no evidence that Liquidation Properties was either (1) absorbed by or (2) merged into Aspen Shackleton.  Instead, the evidence shows that Liquidation Properties and Aspen Shackleton are separate entities.  And for whatever reasons, Liquidation Properties decided to file an appeal, but Aspen Shackleton did not.

{¶18}    Accordingly, because Liquidation Properties does not have standing, we dismiss this appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED. Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. and McFarland, J.: Concur in Judgment & Opinion.


For the Court


BY:_____
    Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**