[Cite as *Groffre Invests. v. Canton Bd. of Zoning Appeals*, 2013-Ohio-1131.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| GROFFRE INVESTMENTS | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Appellant-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-00059 |
| CITY OF CANTON BOARD OF | : | |
| ZONING APPEALS AND DARLA | : | |
| HINDERER, ZONING INSPECTOR | : | O P I N I O N |
| | : | |
| Appellee-Appellant | | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CV02641

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 22, 2013

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

KEVIN R. L'HOMMEDIEU             TIMOTHY J. JEFFRIES
THOMAS A. BURNS                  437 Market Avenue N.
Canton Law Department            Canton, OH  44702
218 Cleveland Avenue S.W.
Canton, OH  44702

*Gwin, J.*

**{¶1}** Appellant City of Canton appeals the February 23, 2012 judgment entry of the Stark County Court of Common Pleas as it relates to an administrative zoning matter.

### FACTS & PROCEDURAL HISTORY

**{¶2}** The underlying facts of this case regard the zoning status of a property located at 2315 Bolivar Road, S.W., Canton, Ohio. There is a home with a garage located on the property. The area in which the property is located was originally zoned residential, but the City of Canton rezoned the area as a light industrial district. Because the home existed on the property during the zoning change, the City of Canton allowed the property to maintain its residential status as a non-conforming use.

**{¶3}** In April 2008, 2315 Bolivar Road lost its status as a non-conforming use pursuant to the City of Canton Codified Ordinances because the property was vacant for one year. The property reverted to light industrial and could not be used as a residence.

**{¶4}** Kasapis Properties, LLC purchased 2315 Bolivar Road in May 2008. Kasapis purchased the property as an investment and used it as a residential rental property. The City of Canton Zoning Department sent Kasapis Properties, LLC a letter notifying the owner that the property could not be used as a residence. Kasapis filed a request for residential use of the property with the City of Canton Board of Zoning Appeals ("BZA").

**{¶5}** In August 2008, a hearing was held on Kasapis's request before the City of Canton BZA. Mr. G.A. Kasapis was present at the hearing on behalf of Kasapis.

Attorney Tim Jeffries attended the hearing and "explained he's a rep for Groffre Investments and they own the un-mowed field (south of property)." T. at 4. Groffe Investments is a contiguous property owner to the Kasapis property. Groffre Investments owns multiple properties in the area and markets the properties for light industrial use. At the hearing, G.A. Kasapis testified he was aware the property was zoned light industrial when he purchased the property. The BZA denied the request to allow the non-conforming use. Kasapis did not appeal the decision.

{¶6} Based on the successful zoning variance granted to a property owner in the immediate area, Kasapis filed a renewed petition for a zoning variance for its property located at 2315 Bolivar Road. A hearing before the BZA was held on July 19, 2011. Attorney Tim Jeffries appeared at the hearing and stated that he was at the hearing again "on behalf of Groffre Investments." T. at 7. Debbie Kasapis appeared on behalf of Kasapis.

{¶7} Debbie Kasapis testified she and her husband were not aware the property was zoned light industrial when they purchased the property. Though he did not specifically state that if the BZA granted the variance Groffre Investments would appeal the decision, Jeffries argued a decision to grant the request would be in violation of statutory law and unconstitutional. He further argued that allowing residential use of the property would harm Groffre Investments' ability to develop its other properties in the same area for industrial purposes.

{¶8} The decision of the BZA was to grant Kasapis the residential use of their property. Groffre filed an administrative appeal of the decision with the Stark County Court of Common Pleas under Case No. 2011CV02641. Groffre argued Canton's

zoning ordinance was unconstitutional and that the BZA's decision was illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of the substantial, reliable, and probative evidence. The City of Canton raised only the issue of standing in their brief and argued the case should be dismissed because Groffre did not have standing to appeal the decision.

{¶9} On February 23, 2012, the trial court issued a judgment entry. The trial court reviewed the record and found that Groffre established it had standing to pursue an administrative appeal. The trial court went on to analyze the merits of the administrative appeal and determined the BZA decision to allow the non-conforming use was arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence. The court focused on the fact that the testimony of Debbie Kasapis at the July 2011 hearing as to whether they knew the property was zoned light industrial when the property was purchased was in direct conflict with the testimony given by her husband during the August 2008 hearing. The trial court reversed the decision of the BZA. The City of Canton appealed the decision to this Court under Case No. 2012CV00059.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT GROFFRE HAD STANDING TO CHALLENGE KASAPIS'S REQUEST FOR A NON-CONFORMING USE OF THEIR PROPERTY."

{¶12} Groffre filed its administrative appeal of the BZA decision pursuant to R.C. 2506.01. R.C. 2506.01(C) limits the right to appeal administrative decisions that determine the "rights, duties, privileges, benefits, or legal relationships of a person * * *."

However, the statute fails to identify who has standing to appeal administrative decisions.

{¶13} "The common-law doctrine of standing holds that only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision of the lower court possess the right to appeal." *Fahl v. City of Athens*, 4th Dist. No. 06CA23, 2007-Ohio-4925, ¶ 14 citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992).

{¶14} In *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992), the Supreme Court discussed the issue of standing and held that, in addition to the party who was denied the variance, the adjacent or contiguous property owners who opposed and participated in the administrative proceedings concerning the issues had standing to seek appellate review. *Id., citing Roper v. Bd. of Zoning Appeals, Twp. of Richfield*, 173 Ohio St. 168, 180 N.E.2d 591 (1962).

{¶15} The syllabus in *Roper* states,

A resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the Board, on the record, that if the decision of the Board is adverse to him, he intends to appeal from the decision to a court, has a right to appeal to the common pleas court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.

{¶16} In *Schomaeker v. First Natl. Bank of Ottowa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), the Supreme Court found that the property owner had standing to appeal because the order affected and determined her rights as a property owner, and she had previously indicated her interest, both by a prior challenge to the grant of a certificate of occupancy and by her presence with counsel at the hearing on the variance. *Id.*

*Direct Affect*

{¶17} The first element the non-applicant must establish under the standing doctrine is that it is directly affected by the administrative decision. Though the trial court did not make a separate finding on direct affect, the court specifically found the record contained sufficient facts to satisfy the requirements for standing. On appeal, Groffre Investments argues it has standing to file an administrative appeal because the decision of the BZA directly affects Groffre Investments. We agree.

{¶18} There is no dispute Groffre Investments is a contiguous property owner. Groffre argues it will suffer unique harm as a contiguous property owner if the property is allowed to remain residential. Groffre has made real estate investments in the area to market its properties for light industrial use. It argues that a property zoned residential will diminish the value of its investments.

{¶19} In *Roper*, the Supreme Court determined the order of the BZA "affected and determined Roper's rights as a property owner, and thus he came within the class of 'specified' persons referred to in Section 2506.01, Revised Code." 173 Ohio St. at 170, 180 N.E.2d 591.

{¶20} In *Willoughby* Hills, the Supreme Court stated as follows:

The 'directly affected' language in *Schomaeker* merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance.

64 Ohio St.3d at 27, 591 N.E. 2d 1203.

**{¶21}** Concerns shared equally by the public at large, such as increased traffic in the area or the general effect on the status or character of the city as a whole are not adequate to confer standing. *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 513-514, 639 N.E.2d 126, 130 (6th Dist. 1994). It has been held in a R.C. 2506 administrative appeal, "evidence that the challenging party's property value may be reduced by a decision of the zoning board constitutes a direct effect sufficient to confer standing." *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 382, 715 N.E.2d 196 (4th Dist. 1998).

**{¶22}** We find the trial court did not err in concluding that Groffre was directly affected by the zoning board's decision. Groffre is in the business of industrial real estate and has significant property adjacent to the property in question and in the

immediate area held for industrial development. Jeffries stated residential use of Kasapis's property would affect the marketability of Groffre's contiguous property. Further, it would impede Groffre's ability to develop the property in the immediate area for light industrial development and thus reduce the value of Groffre's contiguous property. This harm is unique to Groffre and different from the harm that could potentially come to the community at large, as it is directly related to its investment in contiguous property.

*Active Participation*

{¶23} The second prong of the standing doctrine has been characterized as the "active participation" requirement. *See Fahl v. City of Athens,* 4th Dist. No. 0623, 2007-Ohio-4925. The trial court determined Groffre established the active participation requirement because counsel appeared on Groffre's behalf and opposed the granting of the request for nonconforming use at the BZA hearing. The City of Canton argues that *Roper* requires the presence of both the property owner and attorney. We disagree.

{¶24} In *Roper*, Mr. Nagy, the property owner seeking the zoning change, argued he was the only party with the right to appeal a decision of the BZA because he was the applicant for the zoning change.

{¶25} In deciding that Mr. Roper was a party for the purpose of appeal of the BZA's decision to the common pleas court, the Ohio Supreme Court rejected Nagy's argument that Roper was simply a witness at the BZA hearing, stating:

> Roper came to this hearing not as a witness, and he appeared not as a
> witness. He came as a person whose interests were adversely affected,
> and he appeared with his lawyer in person in opposition to a zoning

change which would damage Roper and his property. He was present pursuant to the language in Section 519.15 Revised Code, that 'upon the hearing, *any party* may appear in person or by attorney.' (Italics supplied.)

The order of the Board of Zoning Appeals affected and determined Roper's rights as a property owner, and thus he came within the class of 'specified' persons referred to in Section 2506.01, Revised Code. The board was advised prior to its decision that, if it decided adversely to Roper, his attorney intended to appeal the matter.

These facts are sufficient to make Roper a party for the purpose of appeal to the Common Pleas Court from an adverse decision of the Board of Zoning Appeals, pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.

*Roper at 173-174.*

**{¶26}** We find that Attorney Jeffries' appearance at the hearing is sufficient to meet the requirement of "active participation" set forth in *Roper* and its progeny. As indicated by the Supreme Court's discussion of R.C. 519.15 ("upon the hearing, *any party* may appear in person or by attorney"), the fact that Roper and his attorney appeared at the hearing and voiced their objection to the zoning variance was utilized to explain why Roper "actively participated" in the administrative proceedings, not to preclude standing to appeal in every instance where only an attorney appears at an administrative hearing to represent the adjacent or contiguous property owner.

**{¶27}** Further, the consistent focus for standing to appeal for adjacent or contiguous property owners is "active participation." *See Willoughby Hills,* 64 Ohio St.3d

24, 26, 591 N.E.2d 1203 (1992), (stating that adjacent or contiguous property owners who opposed and participated in the administrative proceedings concerning the issues had standing to seek appellate review); *City of Brunswick v. Medina Bd. of Cty. Commrs.*, 9th Dist. No. 1440, 1986 WL 5114 (April 30, 1986), (holding that the City actively advocated its position before the County Board by having the law director support the granting of an annexation at an administrative hearing); *Fahl v. City of Athens*, 4th Dist. No. 0623, 2007-Ohio-4925 (holding that certain appellants did not meet the active participation requirement because neither the individuals or counsel attended the administrative hearing); *Byers Dipaloa Castle, LLC v. Ravenna City Planning Comm.*, 11th Dist. No. 2010-P-0063, 2011-Ohio-6095 (holding that the contiguous property owners actively participated during the administrative proceedings because they continually objected to the proposed plans and argued that the plans did not comply with the Ravenna City Code); *Robin's Trace Homeowners' Assn. v. City of Green Planning and Zoning Comm.*, 9th Dist. No. 24872, 2010-Ohio-1168 (holding that a homeowner's association did not actively participate in the administrative proceedings because no representative on behalf of the association or their counsel attended the administrative hearing or voiced concerns about the proposed site plan).

{¶28} This court previously discussed *Roper* and its progeny in *Guttentag v. Etna Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 53, 2008 -Ohio- 2642, 893 N.E.2d 890. In *Guttentag*, the township resident seeking to challenge the zoning board's decision failed to appear at the administrative level, but the resident alleged he had standing to appeal because he appeared by his counsel, who attended the hearing and opposed the request. We rejected the resident's standing argument not because we

found both the attorney and the party had to appear, but because the record did "not demonstrate that Guttentag's attorney entered an appearance on his behalf or otherwise indicated that he was representing Guttentag." *Id.* at 896. In the instant case, Attorney Jeffries entered an appearance on Groffre's behalf and indicated that he was representing Groffre.

**{¶29}** In this case, Attorney Jeffries appeared at both the original 2008 BZA hearing and the July 19, 2011 BZA hearing on behalf of Groffre. Attorney Jeffries is counsel for Groffre and is the nephew of the partners in Groffre Investments.

**{¶30}** At the August 2008 hearing, Attorney Jeffries stated he was a "rep for Groffre Investments" and at the July 2011 hearing, Attorney Jeffries specifically stated he appeared "on behalf on Groffre Investments." At both hearings, Attorney Jeffries argued a decision to grant the zoning request would be in violation of statutory law and unconstitutional. He further argued that allowing residential use of the property would harm Groffre Investments' ability to develop its other properties in the same area for industrial purposes. We find such facts sufficient to demonstrate that Groffre "actively participated" in the administrative proceedings concerning the issuance of the variance.

*Notice of Intent to Appeal*

**{¶31}** *Roper* states that the non-applicant individual must advise the board, on the record, that if the decision of the board is adverse to him, he intends to appeal from the decision to a court.

**{¶32}** The trial court found by questioning the constitutionality of the ordinance at the BZA hearing and arguing against the proposed zoning variance, Groffre indicated its

intent to appeal any adverse ruling. The City of Canton argues the trial court erred when it found Groffre met the third standing element. We disagree.

**{¶33}** In *Schomaeker*, the Court considered the elements in *Roper* and focused on whether the contiguous property owner indicated her interest in the proceeding. The Court in *Willoughby Hills* summarized the requirements of *Roper* as ". . . contiguous property owners who oppose and participate in administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review . . ." 64 Ohio St.3d at 26, 180 N.E.2d 591.

**{¶34}** Further, in *Schomaeker, Byers Dipaloa Castle, LLC,* and *City of Brunswick v. Medina Bd. of Cty. Commrs.*, the challengers were found to have standing. While in each case the parties challenging the administrative decisions or their counsel appeared at the administrative proceeding and objected to the decision and/or argued the statute was unconstitutional, there are no specific findings that the parties directly stated to the board that if the decision went against them, they intended to appeal the ruling to the common pleas court. *Schomaeker v. First Natl. Bank of Ottowa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), *Byers Dipaloa Catle, LLC,* 11th Dist. No. 2010-P-0063, 2011-Ohio-6095, and *City of Brunswick v. Medina Bd. Of Cty. Commrs.*, 9th Dist. No. 1440, 1986 WL 5114 (April 30, 1986).

**{¶35}** In the Kasapis case, Attorney Jeffries specifically stated he was speaking in opposition to the zoning variance at the both the 2008 and 2011 hearings. At the 2011 Kasapis case hearing, Jeffries specifically stated he "just ha[s] to raise these arguments" that the ordinance itself was unconstitutional and the way it was being applied or interpreted was unconstitutional. At that point, Attorney Jeffries had no

indication as to whether the BZA was going to rule in his favor or against him, but made a point of stating his arguments on the record. Accordingly, we find Attorney Jeffries indicated his intent to appeal any adverse ruling by specifically stating he was speaking in opposition to the zoning variance and arguing that the ordinance was unconstitutional on its face and in its application.

{¶36} Upon our review of the record, we find the trial court did not err in finding Appellee Groffre Investments met its burden to establish its standing to appeal the BZA decision pursuant to the elements of the *Roper* standing doctrine.

{¶37} The sole Assignment of Error of Appellant City of Canton is overruled.

{¶38} The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, J.,

Wise, J., concur;

Delaney, P.J., dissents

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W.WISE


WSG:clw 0228

*Delaney, P.J., dissenting*

{¶**39**}  I respectfully dissent from the majority opinion.

{¶**40**}  I would sustain the sole Assignment of Error and reverse the decision of the trial court.  The record reflects a personal representative of Groffre Investments did not appear at the BZA hearing with Attorney Jeffries nor advise the BZA on the record that if the decision of the BZA was adverse to Groffre Investments, it intends to appeal the decision to the court.  Under the Ohio Supreme Court's holding in *Roper v. Bd of Zoning Appeals, Township of Richfield*, 173 Ohio St. 168, 180 N.E.2d 59 (1962), the failure to comply with these requirements fails to confer standing  upon Groffre Investments to appeal the decision of the BZA to allow the nonconforming use of the property.

{¶**41**}  Upon review of the record, the trial court erred as a matter of law in finding Appellee Groffre Investments had met its burden to establish standing pursuant to the elements of the *Roper* standing doctrine.


_____
JUDGE PATRICIA A. DELANEY

[Cite as *Groffre Invests. v. Canton Bd. of Zoning Appeals*, 2013-Ohio-1131.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| GROFFRE INVESTMENTS | : | |
| | : | |
| Appellant-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CITY OF CANTON BOARD OF ZONING | : | |
| APPEALS AND DARLA HINDERER | : | |
| ZONING INSPECTOR | : | |
| | : | |
| | : | |
| Appellee-Appellant | : | CASE NO. 2012-CA-00059 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to City of Canton Board of Zoning Appeals.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE