[Cite as *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 2013-Ohio-5610.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| SAFEST NEIGHBORHOOD ASSOC., ET AL., | : | Case Nos. 12CA32 |
| | : | 12CA33 |
| Appellants-Appellees, | : | 12CA34 |
| | : | 12CA35 |
| v. | : | |
| | : | |
| CITY OF ATHENS BOARD OF ZONING | : | DECISION AND |
| APPEALS, ET AL., | : | JUDGMENT ENTRY |
| | : | |
| Appellees-Appellants, | : | |
| | : | |
| and | : | |
| | : | |
| KEVIN GILLESPIE/INTEGRATED SERVICES | : | **RELEASED:  12/17/13** |
| OF APPALACHIAN OHIO, INC., | : | |
| | : | |
| Appellee-Appellant. | : | |

_____

APPEARANCES:

Patrick J. Lang, City of Athens Director of Law, and Lisa A. Eliason, Chief City Prosecutor, Athens, Ohio, for appellant City of Athens Board of Zoning Appeals, et al.

Tiffany C. Miller, Bailey Cavalieri LLC, Columbus, Ohio, and William R. Walker, Walker & Walker Co., L.P.A., Athens, Ohio, for appellant Kevin Gillespie/Integrated Services of Appalachian Ohio, Inc.

Garry E. Hunter, Garry E. Hunter Law Offices, Inc., LPA, Athens, Ohio, for appellees.
_____

Harsha, J.

{¶1}   In this consolidated appeal, the City of Athens Board of Zoning Appeals

(BZA), the City of Athens Planning Commission (Planning Commission) and Kevin

Gillespie/Integrated Services of Appalachian, Ohio, Inc. (Integrated Services) appeal the

trial court's entry reversing the BZA and Planning Commission's decisions to permit

Integrated Services to construct a two-story, multi-unit residential structure.  However,

as neutral bodies that decided whether to grant Integrated Services' applications, the

BZA and Planning Commission lack standing to appeal the court of common pleas decision. Consequently, we must dismiss their appeals. Conversely, Integrated Services unquestionably has standing to appeal as an aggrieved party who has been adversely affected by the lower court's decision and we consider the merits of its arguments.

{¶2}   Integrated Services argues, inter alia, that the lower court erred by finding that the appellees, Safest Neighborhood Association (Safest Neighborhood) and over 40 Athens residents, had standing to appeal the BZA and Planning Commission's decisions because each appellee did not show that he or she actively participated at the administrative hearing and was directly affected by the administrative decision. We agree. Because the lower court looked at the appellees collectively, rather than looking at each appellee individually, to determine if they met the requirements for standing, the court abused its discretion and we reverse its decision.

## I. OVERVIEW

{¶3}   This administrative appeal involves the construction of a multi-unit, residential structure by Integrated Services at 10 Graham Drive (the property) in Athens, Ohio. When Integrated Services purchased the property it was classified as a "B-3 General Business Zone" and contained a single-family mobile home, which was a nonconforming use. After removing the mobile home, Integrated Services sought a variance from the BZA to construct a two-story structure. The BZA denied the variance, and rather than appeal that decision, Integrated Services sought approval of a three-story structure from the Planning Commission. The Planning Commission held a hearing on March 16, 2011, and approved the new plan for a three-story structure

without residential use on the first floor.  Under the B-3 General Business zoning, Integrated Services did not need a variance to build a structure that did not include first-floor residential use.  However, Integrated Services then returned the case to the BZA and asked for a substitution of a nonconforming use (the mobile home) for a not more objectionable nonconforming use (the two-story structure).  The BZA held a hearing and approved the substitution of a two-story structure with first-floor residential use, which it had previously denied in the request for a variance.

{¶4}    Safest Neighborhood and approximately 40 Athens residents filed an appeal with the Athens County Court of Common Pleas in case No. 11CI0149 contesting the BZA's decision.  Many of the same residents also filed a related taxpayers' action and asserted in their complaint that the City of Athens failed to properly notify the public of the March 16, 2011 Planning Commission hearing as required by the city code.  Thereafter, the Planning Commission posted the notification and re-heard the matter on August 17, 2011.  It again approved the three-story structure and also for the first time approved the substituted two-story structure.  The appellees then filed an appeal with the Athens County Court of Common Pleas in case No. 11CI0254 contesting the Planning Commission's August 17 decision.

{¶5}    The lower court consolidated the appellees' appeals and issued an entry reversing both the BZA and Planning Commission's rulings.  The trial court found that the two-story structure expanded the mobile home's prior nonconforming use contrary to the city code and the Planning Commission's decision was not supported by a preponderance of substantial, reliable and probative evidence.  Integrated Services, the BZA and Planning Commission now appeal the court of common pleas' decision.

## II. ASSIGNMENTS OF ERROR

{¶6}    In Case No. 12CA32 Integrated Services raises four assignments of error for our review:

1. "THE TRIAL COURT ERRED RULING IN FAVOR OF APPELLANTS ABSENT APPELLANTS PRESENTING ANY ASSIGNMENTS OF ERROR OR CITATION OF FACTS IN THE RECORD TO SUPPORT THEIR ARGUMENT."

2. "THE TRIAL COURT ERRED FINDING THAT EVERY APPELLANT BELOW HAD STANDING TO BRING AN APPEAL TO THE TRIAL COURT."

3. "THE TRIAL COURT ERRED OVERRULING THE PLANNING COMMISSION ABSENT ANY FACTS OR FINDING THE PLANNING COMMISSION ENGAGED IN ANYTHING UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, OR UNREASONABLE IN ARRIVING AT ITS DECISION."

4. "THE TRIAL COURT ERRED SUBSTITUTING ITS JUDGMENT AND OPINIONS FOR THAT OF THE PLANNING COMMISSION."

{¶7}    In Case No. 12CA33 Integrated Services raises four assignments of error:

1. "THE TRIAL COURT ERRED RULING IN FAVOR OF APPELLANTS ABSENT APPELLANTS PRESENTING ANY ASSIGNMENTS OF ERROR OR CITATION OF FACTS IN THE RECORD TO SUPPORT THEIR ARGUMENTS."

2. "THE TRIAL COURT ERRED FINDING THAT EVERY APPELLANT BELOW HAD STANDING TO BRING AN APPEAL TO THE TRIAL COURT."

3. "THE TRIAL COURT ERRED OVERRULING THE BZA RESOLUTION ABSENT FACTS OR FINDINGS THE BZA DID ANYTHING UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, OR UNREASONABLE IN ARRIVING AT ITS DECISION."

4. "THE TRIAL COURT ERRED SUBSTITUTING ITS JUDGMENT AND OPINIONS FOR THAT OF THE BZA."

{¶8}    In Case No. 12CA34 the BZA raises five assignments of error:

1. "THE COMMON PLEAS COURT ERRED IN FINDING THAT IT WAS IMPLICIT UNDER THE CIRCUMSTANCES OF THE CASE THAT ALL APPELLANTS IN SAFEST NEIGHBORHOOD ASSOC., ET AL.,

DEMONSTRATED UNIQUE HARM BY SIMPLY LIVING IN THE NEIGHBORHOOD."

2. "THE COMMON PLEAS COURT ERRED IN NOT CONSIDERING THE AFFIDAVITS OF JOHN PASZKE AND KEVIN GILLESPIE IN ITS DECISION OF OCTOBER 1, 2012."

3. "THE COMMON PLEAS COURT ERRED IN RULING THAT THERE WAS NO CLEAR TESTIMONY PRESENTED TO THE BOARD OF ZONING APPEALS AS TO WHETHER THE HOUSE WAS REMOVED WITHIN THE ONE YEAR TIME LIMIT."

4. "THE COMMON PLEAS COURT ERRED IN RULING THAT THE CITY BOARD OF ZONING APPEALS FAILED TO CONSIDER WHETHER THE TWO STORY MULTI-FAMILY UNIT WAS NOT MORE OBJECTIONABLE THAN THE ORIGINAL ONE STORY SINGLE FAMILY RESIDENCE."

5. "THE COMMON PLEAS COURT ERRED IN CONCLUDING THAT THE BZA WAS CONFUSED ON THE ISSUE OF THE RESOLUTION."

{¶9}    In Case No. 12CA35 the Planning Commission raises five assignments of error:

1. "THE COMMON PLEAS COURT ERRED IN ORDERING THE PLANNING COMMISSION TO VERIFY THE TRANSCRIPTS."

2. "THE COMMON PLEAS COURT ERRED IN NOT CONSIDERING SURREPLY BRIEFS OF THE PLANNING COMMISSION AND INTEGRATED SERVICES."

3. "THE COMMON PLEAS COURT ERRED IN FINDING THAT SAFEST NEIGHBORHOOD ASSOC., ET AL., DEMONSTRATED UNIQUE HARM BY SIMPLY LIVING IN THE NEIGHBORHOOD WHEN SOME OF THEM APPEARED AT THE HEARING."

4. "THE COMMON PLEAS COURT ERRED IN NOT CONSIDERING THE AFFIDAVITS OF JOHN PASZKE AND KEVIN GILLESPIE IN ITS DECISION OF OCTOBER 1, 2012."

5. THE COMMON PLEAS COURT ERRED IN RULING THAT THE HEARING BEFORE THE PLANNING COMMISSION WAS PERFUNCTORY AT BEST WHEN THE TRANSCRIPT IS REPLETE WITH INFORMATION ABOUT THE DISABILITIES COMMISSION, TREES AND PARKING."

III. LAW AND ANALYSIS

A. The BZA and Planning Commission Lack Standing to Appeal the Court of Common Pleas' Decision

{¶10} Before considering the merits of the parties' appeals, we first address the BZA and Planning Commission's standing to appeal the court of common pleas' decision. "Whether a party has standing to appeal 'is jurisdictional and may be raised sua sponte.'" *Liquidation Properties v. Mosley*, 4th Dist. Scioto No. 11CA3453, 2012-Ohio-6281, ¶ 14, quoting *In re Forfeiture of John Deere Tractor*, 4th Dist. Athens No. 05CA26, 2006-Ohio-388, ¶ 10.

{¶11} "Neither a township board of zoning appeals nor any of its members as such have a right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision." *Di Cillo & Sons, Inc. v. Chester Zoning Bd. Of Appeals*, 158 Ohio St. 302, 109 N.E.2d 8 (1952), syllabus. "In an appeal to the board of zoning appeals, the board does not become a party to that appeal," but rather is a body to decide whether the issuance of a variance is appropriate. *Id.* at 304-305. "[T]he board should be as disinterested in deciding matters brought before it as a court should be." *Id.* at 305. "Just as a common pleas court is not a party in a case it decides and may not appeal from a decision of a court of appeals that reverses the common pleas' decision, the board of zoning appeals is not a party to [an] appeal and has no standing to appeal." *Parker v. Swancreek Twp. Bd. of Zoning Appeals*, 6th Dist. Fulton Nos. F-04-035, F-04-036, F-04-038, 2005-Ohio-538, ¶ 4. Instead, the proper party to appeal under R.C. Chapter 2506 is "the city, the city official responsible for enforcing the zoning regulations, or other persons aggrieved by the court's decision." *Sich v. Bd. of Zoning Appeals for the City Middletown*, 12th Dist. Butler No. CA83-08-093, 1984 WL 3386, *1 (July 16, 1984), citing *Di Cillo* at 305; *Gold*

*Coast Realty, Inc. v. Bd. of Zoning Appeals*, 26 Ohio St.2d 37, 39, 268 N.E.2d 280 (1971).

**{¶12}** We believe the same rationale and rule apply to the Planning Commission. The Planning Commission "exercise[d] a function in which it is presumably neutral" in its task of deciding whether to approve Integrated Services' site plan to build its three story complex. *Whitemyer Advertising, Inc. v. Zoar Planning Comm.*, 5th Dist. Tuscarawas No. 90AP100058, 1991 WL 302454, *1. Although Safest Neighborhood and the other appellees incorrectly named the BZA and the Planning Commission as opposing parties in their appeals to the court of common pleas, the BZA and Planning Commission do not have standing to appeal the court of common pleas' reversal of their decisions. *See Gold Coast* at 39. Accordingly, we do not have jurisdiction to consider the BZA and Planning Commission's appeals and must dismiss them. *See Rickard v. Trumbull Twp. Zoning Bd. of Appeals*, 11th Dist. Ashtabula Nos. 2008-A-0024, 2008-A-0027, 2008-A-0025, 2008-A-0026, 2008-A-0028, 2009-Ohio-2619, ¶ 43.

**{¶13}** Conversely, Integrated Services unquestionably has standing to appeal as an aggrieved party who has been adversely affected by the court of common pleas' decision and we consider the merits of its appeal. *See Liquidation Properties*, 4th Dist. Scioto No. 11CA3453, 2012-Ohio-6281, at ¶ 14.

B. Standard of Review

**{¶14}** Administrative appeals at the municipal level are governed by R.C. Chapter 2506. *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). Under R.C. Chapter 2506, the court of common pleas may find

that the order, adjudication or decision of the administrative agency is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Consistent with its findings, the court of common pleas may then "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04. "[I]n weighing evidence, the court may not 'blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise.'" *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 13, quoting *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). Accordingly, the court of common pleas must affirm the agency's decision if it is supported by "a preponderance of reliable, probative, and substantial evidence." *Burchfield v. Jackson Twp. Bd. of Zoning Appeals*, 4th Dist. Pickaway No. 07CA11, 2008-Ohio-1228, ¶ 8.

{¶15} However, reviews by appellate courts under R.C. 2506.04 are more limited in scope than the court of common pleas. *Three Wide Entertainment v. Athens Bd. of Zoning Appeals*, 194 Ohio App.3d 1, 2011-Ohio-2304, 954 N.E.2d 191, ¶ 9 (4th Dist.) (per curiam). "'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000),

quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984), fn. 4. "'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" *Henley* at 147, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

{¶16} The court of common pleas' ruling "may be appealed by any party on questions of law." R.C. 2506.04. Thus, the standard of review we apply is more limited in scope; appellate courts are limited in an R.C. 2506.01 appeal to reviewing questions of law. *Lorain City School Dist.* at 261. *See also Burchfield* at ¶ 9. However, "'[w]ithin the ambit of "questions of law" for the appellate review would be abuse of discretion by the common pleas court,'" in choosing or applying the law. *Henley* at 148, quoting *Kisil* at 34, fn.4. Although the abuse of discretion standard usually affords maximum defense to the lower court, no court retains discretion to adopt an incorrect legal rule or to apply an appropriate rule in an inappropriate manner. Such a course of conduct would result in an abuse of discretion. *See* Harsha, William, H., *The Substance of Appeals*, 17 Ohio Lawyer, No. 6, 17. We make such a determination as with other questions of law on a de novo basis.

C. The Appellees' Standing to Appeal the BZA
and Planning Commission's Decisions

{¶17} Initially we determined that the BZA and the Planning Commission lacked standing to appeal the decision of the court of common pleas to the court of appeals. Now we address whether the appellees had standing to appeal the decisions of the BZA

and the Planning Commission to the court of common pleas.  Different rules apply in each context, so we have addressed them separately.

**{¶18}**  Because it is dispositive of this appeal, we first consider Integrated Services' argument that the lower court erred by finding that the appellees had standing to appeal the BZA and Planning Commission's decisions.  It contends that the appellees did not meet the requirements set forth by the Supreme Court of Ohio in *Roper v. Bd. of Zoning Appeals*, *Twp. Of Richfield*, 173 Ohio St. 168, 180 N.E.2d 591 (1962), and applied by this court in *Fahl v. Athens*, 4th Dist. Athens No. 06CA23, 2007-Ohio-4925.

**{¶19}**  Standing determines "'whether a litigant is entitled to have a court determine the merits of the issues presented.'" *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994).  R.C. 2506.01 limits the right to appeal administrative decisions that determine "rights, duties, privileges, benefits, or legal relationships of a person * * *."  However, R.C. Chapter 2506 "does not address the question of *who* has standing to bring such an appeal." (Emphasis sic.) *Willoughby Hills,* 64 Ohio St.3d at 26, 591 N.E.2d 1203 (1992).

**{¶20}**  Under the common law doctrine of standing, only those parties who can demonstrate a present interest in the subject matter of the litigation and have been prejudiced by the judgment of the lower court possess the right to appeal. *Id.*; *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 381, 715 N.E.2d 196 (4th Dist.1998).  The Supreme Court has "construed R.C. Chapter 2506 to permit appeals only by those who are *directly affected* by the administrative decision." (Emphasis sic.) *In re Petition for*

*Incorporation of the Village of Holiday City*, 70 Ohio St.3d 365, 371, 639 N.E.2d 42 (1994). The burden of proof to establish standing lies with the party seeking to appeal and therefore that party must ensure that the record supports his or her claim of standing. *Jenkins* at 381-382; *Antush v. N. Ridgeville*, 9th Dist. Lorain Nos. 02CA008161, 02CA008169, 02CA008192, 2003-Ohio-3164, ¶ 10.

{¶21} The Supreme Court first considered the issue of third party standing in *Roper v. Bd. of Zoning Appeals*, *Twp. Of Richfield*, 173 Ohio St. 168, 180 N.E.2d 591(1962), and determined that it would be inappropriate to limit standing in an administrative appeal to the party denied its application by the agency. *Roper* at 173-174. The Court reasoned that such an approach "is contrary to the intention of the Legislature" and "repugnant to the majority of this court." *Id.* at 173. Thus the Court held that a:

> resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court has a right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.

*Id.* at syllabus.

{¶22} In *Schomaeker v. First Nat. Bank of Ottawa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), the Court again considered the issue of third party standing to bring an administrative appeal and further limited standing under R.C. Chapter 2506 to only those parties "directly affected" by an administrative decision. *Id.* at 311-312. The Court explained that a:

person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506.

*Id.* at paragraph two of the syllabus.

**{¶23}** Then in *Willoughby Hills*, the Supreme Court affirmed that standing to appeal an administrative decision to the court of common pleas is not limited only to the party denied the variance and that "[a]djacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." *Willoughby Hills*, 64 Ohio St.3d at 26, 591 N.E.2d 1203 (1992). The Court then elaborated on its holding in *Schomaeker* and explained that:

[t]he "directly affected" language in *Schomaeker* merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance.

*Id.* at 27.

**{¶24}** It is apparent from these cases that a third party property owner has standing to appeal an administrative agency decision under R.C. 2506.01 when that property owner actively participated at the administrative hearing and has been directly affected by the decision.

1. Active Participation

**{¶25}** An individual, who attends the administrative hearing and voices his or her opposition to the proposed action, has actively participated in the proceedings. *See Willoughby Hills* at 26; *Groffre Invests. v. Canton Bd. of Zoning Appeals*, 5th Dist. Stark No. 2012-CA-00059, 2013-Ohio-1131, ¶ 25. In addition, an attorney who appears at the administrative hearing on behalf of his client, indicates such a representation and opposes the issue may also be sufficient to establish the party's active participation. *Groffre* at ¶ 28-30.

## 2. Directly Affected

**{¶26}** A party is directly affected by an administrative decision, as distinguished from the public at large, when he or she can demonstrate a unique harm. *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 179-180, 743 N.E.2d 894 (2001) (Cook, J., dissenting), citing *Willoughby Hills*, 64 Ohio St.3d at 27, 591 N.E.2d 1203. Thus, a court "'must look beyond physical proximity to demonstrate if the order constitutes a determination of the rights, duties, privileges, benefits or legal relationships of a specified person.'" *Jenkins*, 128 Ohio App.3d at 382, 715 N.E.2d 196 (4th Dist.1998), quoting *Am. Aggregates Corp. v. Columbus*, 66 Ohio App.3d 318, 322, 584 N.E.2d 26 (10th Dist.1990). Generally, concerns about increased traffic are shared equally by the public at large and, therefore, are not adequate grounds to confer standing under R.C. 2506.01. *Jenkins* at 382. However, evidence that the appealing party's property value may decrease due to an administrative decision "constitutes a direct effect sufficient to confer standing." *Id.*

## 3. Is Standing Determined Individually or Collectively?

**{¶27}** The record shows that of the over 40 residents that appealed the agencies' decisions to the court of common pleas, only seven attended and spoke at the May 11, 2011 BZA hearing, and only three attended and spoke at the August 17, 2011 Planning Commission hearing. Attorney Garry Hunter also attended the August 17 hearing and indicated that he was speaking on behalf of "over a hundred" residents.

**{¶28}** Integrated Services filed a "Joint Motion for Hearing on Issue of Standing" with the lower court and argued that the appellees who did not attend the BZA and Planning Commission hearings should be dismissed from the case for lack of standing.[1] It further asserted that the appellees who did attend each hearing did not demonstrate a "direct effect" or "unique harm" and should also be dismissed from the case. The appellees filed a "Memorandum in Opposition to Motion to Dismiss for Lack of Standing," in which they asserted several reasons why the court should not consider the the appellants' argument or alternatively find that they had standing to appeal. The lower court did not rule on the motion, and Integrated Services again raised the issue of standing in their briefs filed with the court of common pleas. In its October 1, 2012 entry, from which Integrated Services appeals, the court addressed the issue and stated that:

> Before taking up the question of the standard of review and the arguments of law, the court must first consider two matters, that of standing and surreplies. The record is clear that appellants, or at least a substantial number of them, appeared at the hearings on this matter and voiced their opposition.
>
> They were all from the neighborhood proximate to 10 Graham Drive in Athens and made their concerns known about safety, traffic and parking

---

[1] The BZA and Integrated Services filed a "Joint Motion for Hearing on Issue of Standing" in Case No. 11-CI-149. The Planning Commission and Integrated Services also filed a "Joint Motion for Hearing on Issue of Standing" in Case No. 11-CI-254.

and property value diminution and while they may not have specified that the anticipated harm would be unique to them, such was implicit under the circumstances of the case.

Appellants have shown themselves to be aggrieved under the application of the Athens City Zoning Code and Title 41 of the City's Planning Commission.  Thus the motions to dismiss in both this case and in Case No. 11CI254 are overruled.

**{¶29}**  This is not a case involving associational standing.  Each appellant must satisfy the requirements for standing as an individual, not collectively as part of a group or association.  Here, the trial court abused its discretion by not determining if each of the appellees had standing to appeal the BZA and Planning Commission's decisions.  To have standing *each* appellee, including Safest Neighborhood,[2] needed to have actively participated in the relevant hearing *and* demonstrated that he or she has been directly affected by the administration's decision.  It was an abuse of discretion, i.e. improper application of the law, for the lower court to group the appellees together in deciding whether the parties collectively met each requirement.

**{¶30}**  Integrated Services argues that every appellee must meet the requirements listed in *Roper* to have standing, including voicing his or her intent to appeal at the administrative hearing.  However, we do not read the Court's statement in *Roper* as an exhaustive list of requirements that a third party must meet to have standing to appeal an administrative agency's decision.  Rather, we view this statement as descriptive of Roper's actions in that case, not prescriptive as Integrated Services

---

[2] The appellees have not specified under what theory they assert Safest Neighborhood Association has standing to appeal the BZA and Planning Commission's decisions.  However, it lacks standing in a representative capacity to appeal on behalf of its members under R.C. Chapter 2506. *See Noe Bixby Road Neighbors v. Columbus City Council*, 150 Ohio App.3d 305, 2002-Ohio-6453, 780 N.E.2d 1046, ¶ 10 (10th Dist.); *Women of the Old West End, Inc., v. City of Toledo*, 6th Dist. Lucas No. L-97-1204, 1998 WL 334188, *4 (June 5, 1998).  Therefore, Safest Neighborhood must meet the same requirements as the other city residents to have standing, i.e. active participation and direct effect.

contends. *See Groffre*, 9th Dist. Stark No. 2012-CA-00059, 2013-Ohio-1131 at ¶ 26.

Nevertheless, we are aware that other appellate courts do not take this same view. *See Hofer v. N. Perry Bd. of Zoning Appeals*, 11th Dist. Lake No. 2007-L-165, 2008-Ohio-6876, ¶ 16, 17; *Kraus v. Put-In-Bay Tp. Bd. of Zoning and Appeals*, 6th Dist. Ottawa No. OT-04-011, 2004-Ohio-4678, ¶ 15; *Hickory Street Coalition v. City of Akron Planning Comm.*, 9th Dist. Summit No. 21738, 2004-Ohio-2246, ¶ 10, 12.

{¶31} In support of their argument that the appellees lack standing, Integrated Services also cites *Fahl v. Athens*, 4th Dist. Athens No. 06CA23, 2007-Ohio-4925. In *Fahl* we considered the issue of standing under R.C. 2506.01 and held that because the parties did not actively participate at the administrative hearing, they lacked standing to appeal the agency's decision to the court of common pleas. *Id.* at ¶ 1. Integrated Services reads *Fahl* as our acceptance of a strict reading of *Roper*, and asserts that on this basis the appellees must meet all the requirements listed by the Court in *Roper* to have standing. However, *Fahl* sets forth no precedent or binding rule of law on the issue of standing beyond its impact on the parties in that case. A close review of the opinion in *Fahl* reveals one judge dissented and one concurred in judgment only on the standing issue.

{¶32} In opposition, the appellees argue that "the common law definition of standing is not relevant in this case" because the Athens City Code provides for an independent statutory appeals process from the Planning Commission and BZA. Athens City Ordinance 23.07.11(A) states:

> Filing of appeal from BZA decision: Any person or persons, jointly or severally aggrieved by any decision of the BZA, or any resident, or any officer, department, or appointed body of the municipality may present to the Athens County Court of Common Pleas a petition, duly verified, setting

forth that such decision is illegal, in whole or in part, and specifying the ground of illegality. Such petition shall be presented to the court within 30 days after the mailing of the BOA's decision to the applicant

**{¶33}** However in case No. 11CI0149 challenging the BZA's decision, the appellees filed their appeal under R.C. Chapters 2505 and 2506, and thus the city ordinance would not be applicable in that case. In case No. 11CI0254 appealing the Planning Commission's decision, the appellees sought relief under R.C. Chapters 2505 and 2506, as well as Athens City Code Section 41.10(H). Athens City Ordinance 41.10(H) provides: "Appeals from a final order, adjudication, or decision of the planning commission may be to the Court of Common Pleas of Athens County pursuant to Ohio Revised Code Chapters 2505 and 2506." Thus, we reject the appellees' argument that the standing requirements of R.C. Chapter 2506 do not apply to their appeals.

**{¶34}** The appellees further argue that Integrated Services did not timely raise the issue of standing because it requested a hearing on the issue after the parties filed the transcripts, established a briefing schedule and the appellees' filed their brief. Therefore, the appellees argue that Integrated Services waived any right under Civ.R. 12(H) to challenge their standing. However, when standing is jurisdictional in nature, it can be raised at anytime during the proceedings. *Buckeye Foods v. Cuyahoga County Bd. of Revision*, 78 Ohio St.3d 459, 460, 678 N.E.2d 917 (1997). And because standing is a jurisdictional issue in administrative appeals and Integrated Services filed a motion with the court requesting a hearing on the issue of standing and then again raised the issue in its briefs, we find the appellees' forfeiture argument meritless. *See Alexis Entertainment, L.L.C. v. Toledo*, 6th Dist. Lucas No. L–13–1028, 2013-Ohio-3496, ¶ 7, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998), fn. 4.

**{¶35}** Finally, the appellees contend that because Integrated Services argued in the related taxpayer action that the appellees have "an adequate remedy at law in the Zoning and Planning Commission Appeals" they "have waived their right to then challenge standing in this case." They cite no authority to support this assertion nor are we aware of any.

## IV. CONCLUSION

**{¶36}** We find that the lower court erred as a matter of law and abused its discretion in its "collective" application of the principles of standing. Thus we sustain Integrated Services' second assignment of error in case Nos. 12CA32 and 12CA33. Accordingly we reverse the court of common plea's decision and remand the case so that the lower court can determine if each appellee, including Safest Neighborhood, has standing to appeal the relevant administrative decision. This decision renders moot Integrated Services' remaining assignments of error and we decline to address them. *See* App.R. 12(A)(1)(C).

JUDGMENT REVERSED AND REMANDED.

**{¶37}** We also dismiss the BZA and Planning Commission's appeals in case Nos. 12CA34 and 12CA35 for lack of standing.

APPEALS DISMISSED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED in case Nos. 12CA32 and 12CA33 and that the CAUSE IS REMANDED.  Appellees shall pay the costs.  It is ordered that the APPEAL IS DISMISSED in case Nos. 12CA34 and 12CA35. Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**