AMERICAN AGGREGATES CORPORATION, Appellant,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *American Aggregates Corp. v. Columbus* (1990), 66 Ohio App.3d 318.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–686.

Decided March 8, 1990.

*Lucas, Prendergast, Albright, Gibson & Newman, Robert E. Albright* and *Richard C. Brahm,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *C. Eileen Pruett,* for appellee city of Columbus.

*Harris, McClellan, Binau & Cox* and *James B. Harris,* for appellee Olen Corporation.

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman, James F. DeLeone* and *John J. Duffey,* cocounsel for appellee Olen Corporation and counsel for appellee BancOhio National Bank, Trustee of the Samuel B. Hartman Trust.

REILLY, Presiding Judge.

Appellant, American Aggregates Corporation, appeals from the judgment of the Franklin County Court of Common Pleas dismissing its appeal from a zoning decision of the Columbus City Council for lack of standing.

Appellant purchased three hundred twenty-six acres of land from appellee BancOhio, the trustee of the Samuel B. Hartman Trust, in 1962. Appellant excavates sand and gravel from this property. BancOhio holds title to the remaining eighteen hundred acres of the Hartman farm property, which is

adjacent to appellant's property and separated only by I–270. Appellant has attempted to lease or purchase the remaining eighteen hundred acres for some time and for this purpose negotiated with BancOhio and the Ohio Department of Transportation to have a tunnel built under I–270 permitting access to the Hartman property.

In 1985, appellee, Olen Corporation ("Olen"), obtained a mineral lease from BancOhio granting it the exclusive right to excavate sand and gravel from the Hartman farm property. Appellant and Olen are direct competitors in this business.

To facilitate its intended use of the property, Olen applied to the Columbus City Council for a zoning variance. While most of the property was zoned EQ ("Excavation and Quarry"), a portion of it was zoned M ("Manufacturing"). The M property, which was the subject of the variance application, is within the Hartman farm property but is not contiguous with appellant's property or I–270. Olen planned to build its processing plant on this M property. Their plant, however, would have been located within six hundred feet of property in an R ("Residential") district owned by Columbus and Southern Ohio Electric. Since Columbus development standards for manufacturing districts prohibit the location of objectional uses, such as Olen's plant, within six hundred feet of a residential district, Olen sought a variance from the Columbus City Council.

Columbus City Council considered the variance during three separate council meetings. Columbus and Southern Ohio Electric did not oppose the variance since their strip of R land is exclusively used as a right-of-way for electric transmission lines. Appellant appeared at each of the three council meetings and spoke in opposition to the variance. The issue of the proximity of the proposed Olen processing plant to the R-zoned land was not the focus of the council meetings. Rather, appellant and members of the Columbus City Council focused on the potential danger of the Olen plant to the Columbus water well fields bordering the Hartman property. Assured that adequate safeguards were in place to protect the well fields, Columbus City Council granted the variance request.

Appellant filed an appeal in the Franklin County Court of Common Pleas pursuant to R.C. Chapter 2506. The appeal named as appellee only the city of Columbus. The trial court subsequently granted motions by both Olen and BancOhio to intervene pursuant to Civ.R. 24(A)(2). After briefs were filed, the trial court declined to rule on a motion by appellant to take additional evidence and granted a motion to dismiss, holding that appellant lacked standing to appeal.

Appellant appeals asserting the following assignments of error:

"I. The trial court erred in determining that American Aggregates Corporation, a neighboring and adjacent property owner, had no standing to appeal an administrative decision of Columbus City Council.

"II. The trial court erred in granting appellees' motions to dismiss on the grounds that appellant had no standing in the matter and was not an aggrieved party to the administrative decision rendered by Columbus City Council granting a zoning variance."

The assignments of error are interrelated and are considered together. "It is fundamental that appeal lies only on behalf of a party aggrieved. Unless an appellant can show that his rights have been invaded, no error is shown to have been committed by the court or body which entered the final order." (Emphasis deleted.) *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 161, 23 O.O. 369, 42 N.E.2d 758. In this case, the Supreme Court reiterated that appeals are not allowed for the purpose of settling abstract questions, but are available only to aggrieved parties.

R.C. Chapter 2506, which provides for appeal from administrative agencies, also has been construed to permit appeals only by persons "directly affected" by administrative decisions. *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530. See, also, *Roper v. Bd. of Zoning Appeals* (1962), 173 Ohio St. 168, 18 O.O.2d 437, 180 N.E.2d 591. R.C. 2506.01 provides that an appeal may be taken from an administrative decision which determines the "rights, duties, privileges, benefits or legal relationships of a person." Thus, the issue before this court is determining who is a directly affected person or an aggrieved party.

Appellant alleges that it has standing to appeal based on the following facts:

American Aggregates owns property immediately north of the site involved and is within the term "neighborhood" as set out in the ordinances of the city of Columbus.

American Aggregates is a competitor of the applicant and appeared and opposed the variance before the Columbus City Council.

American Aggregates obtains its water from the city of Columbus and has an interest in seeing that the water is not contaminated.

American Aggregates has contractual and property rights to land which is directly affected by the variance request and the ultimate use of the American Aggregates property may be affected by what is placed on the property immediately south of it.

Appellant contends that it has standing based on the proximity of its property to the property which is the subject of the variance. Appellees respond that appellant lacks standing for two reasons. First, appellant's property is not contiguous with the subject property and, second, appellant was not entitled to notice of the proposed variance under Columbus City Code Section 3307.12 since its property is more than one hundred twenty-five feet from the subject property.

It is noteworthy that R.C. 2506.01 does not incorporate local municipal code definitions nor is the definition of "directly affected" in any way dependent on what persons are entitled to notice under the municipal code.

*Schomaeker, supra,* held only that persons owning property contiguous to the proposed use are within the class of persons directly affected by the administrative decision. The Supreme Court did not hold that the class was limited to contiguous property owners. Where a person appealing from an administrative decision is a contiguous property owner, that fact alone may be sufficient to confer standing. On the other hand, if the person appealing from the order owns no property or property very remote from the subject of the order, that fact alone may be sufficient to deny standing. The facts of this case are between the two extremes. Hence, the court must look beyond physical proximity to determine if the order constitutes a determination of the rights, duties, privileges, benefits or legal relationships of a specified person.

Further, appellant maintains that it was adversely affected by the zoning variance since it will encourage business competition. This is not a proper basis upon which standing can be conferred. Zoning regulations may only be based on concern for public health, safety or welfare.

Moreover, R.C. 2506.01 limits standing to those whose "rights, duties, privileges, benefits or legal relationships" are adversely affected. The statute involves legal privileges and benefits and is not intended to encompass the benefit of reduced competition. Since neither the city nor appellant has a legal right to interfere with the use of another's land solely to reduce competition, appellant cannot rely on this fact to provide standing to appeal.

Appellant also argues that it obtains its water from the city of Columbus and that it has an interest in seeing that this water is not contaminated. Appellant is concerned that the location of the Olen processing plant near the city's well fields may pose a danger of contamination to the city's water supply.

Appellant's concern about water contamination is also not a proper basis for standing to appeal. *Ohio Contract Carriers Assn., Inc., supra,* clearly emphasized that one seeking to appeal must show that his rights have

been encroached upon. Where the harm alleged is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. *Warth v. Seldin* (1975), 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354. "Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *Ohio Contract Carriers Assn., Inc., supra,* syllabus.

Appellant's concern regarding the city's water supply does not directly affect appellant any more than any other citizen of Columbus. Such an abstract and generalized concern shared by the population as a whole is not a proper basis for standing.

■ Finally, appellant argues that it has property and contractual rights, including its right to use the tunnel under I–270, that are adversely affected by the zoning variance. Appellees correctly point out that there is no evidence in the record of these property and contractual rights. Consequently, appellees contend that neither the trial court nor this court can consider this or any of the allegations of standing made by appellant.

The transcript supports the conclusion that R.C. 2506.03 required the trial court to grant appellant's motion to take additional evidence. While appellant was permitted an opportunity to present its position, arguments and contentions, the time available was limited. Considering such circumstances, R.C. 2506.03 requires the trial court to take additional evidence.

Thus, it was error to dismiss appellant's appeal for lack of standing without granting appellant's motion to present additional evidence.

Appellant's assignments of error are well taken. The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and BRAME, JJ., concur.

MICHAEL A. BRAME, J., of the Vinton County Court of Common Pleas, sitting by assignment.