[Cite as *Orser v. Perrysburg*, 2017-Ohio-5843.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Jonathan Orser                                    Court of Appeals No. WD-16-038

    Appellant                                     Trial Court No. 2015CV0668

v.

City of Perrysburg, et al.                        **DECISION AND JUDGMENT**

    Appellees                                     Decided:  July 14, 2017

* * * * *

Robert M. Anspach, J. Randall Engwert and Joseph S. Center,
for appellant.

James R. Jeffery, James P. Silk, Jr. and Karlene D. Henderson,
Law Director, for appellees.

* * * * *

**JENSEN, P. J.**

{¶ 1} Appellant, Jonathan Orser, appeals the June 24, 2016 judgment of the Wood

County Court of Common Pleas granting dismissal in favor of appellee, the city of

Perrysburg.  Finding no error in the judgment, we affirm.

## Assignment of Error

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court erred in holding that Plaintiff/Appellant lacks standing to pursue the subject lawsuit.

## Facts

**{¶ 3}** On December 29, 2015, appellant filed a complaint for injunctive and "other relief" against the city of Perrysburg and its mayor, Michael Olmstead (hereinafter "appellee"). Specifically, appellant sought a "declaratory judgment pursuant to R.C. Chapter 2721, to prevent the demolition of the Perrysburg Water Works Building located at 111 Water Street, Perrysburg, Ohio 43551, in the Historic District of the City and to declare the City's demolition of the former residence at 112 Water Street unlawful."

**{¶ 4}** Appellant also filed a motion for a temporary restraining order ("TRO") against appellee. The TRO requested that appellee not demolish the Water Works Building, asserting that "the City of Perrysburg and its citizens[,]" including appellant, would suffer immediate and irreparable harm. The trial court denied the TRO.

**{¶ 5}** On January 5, 2016, appellant filed a renewed TRO, seeking to halt the demolition of the Water Works Building set to occur on that day. The trial court granted the TRO and stated in its entry that, "the Court finds that immediate and irreparable injury, loss, or damage will result if the planned demolition of the Water Works Building at 111 Water Street, Perrysburg Ohio is not enjoined by issuance of a [TRO]." The court

2.

order was issued at 9:46 a.m.  However, the Water Works Building was demolished at 9:10 a.m.

{¶ 6} On that same day, at 4:06 p.m., appellee filed a motion to dismiss appellant's complaint, arguing the issue presented in the complaint was moot because the building had been demolished.  On January 14, 2016, appellant opposed dismissal, arguing that appellee attempted to eviscerate the authority of the court and failed to comply with imposed policy dictated in the municipal code when demolishing the building.  Appellee filed a reply on January 21, 2016, essentially reiterating its position as stated in the motion to dismiss.

{¶ 7} Appellant moved the court for leave to amend his complaint.  The court granted the motion and, on February 24, 2016, appellant filed his amended complaint. The court found appellee's first motion to dismiss moot due to the filing of the amended complaint.

{¶ 8} The amended complaint alleged that appellant was a resident of the Historic District with an interest in maintaining the "inherent value of the Historic District," and, by extension, his own property value.

{¶ 9} Further, appellant stated that on November 9, 2015, appellee, through its Division of Planning and Zoning, held a meeting and advanced separate applications to demolish the buildings at issue.  Appellant was at the meeting and "urged [Historic Landmark Commission] members to follow the law, protect the building and reject any application to demolish."  Said applications were alleged to be "informational only,"

3.

which appellant argues resulted in action contrary to the municipal code because a "certificate of appropriateness" was to be issued before any demolition took place. The alleged failure to comply with the ordinances is what appellant claims resulted in diminishment of his and other property values.

{¶ 10} On March 21, 2016, appellee moved the court to dismiss appellant's amended complaint for failure to state a claim. Appellee specifically argued that appellant's request for declaratory judgment was moot. Appellee also argued appellant did not have standing to bring a claim, even if appellee committed actions which may have reduced property values in the Historic District.

{¶ 11} Appellant opposed dismissal, arguing the issue was not moot and that he had standing as a property owner who potentially suffered from loss of property value. Appellee filed a reply in which it reiterated that the issue was moot and appellant had no standing to pursue the claim.

{¶ 12} On June 24, 2016, the trial court dismissed the claim without prejudice. The court stated: "Plaintiff does not allege that a legal interest personal to Plaintiff has been affected by Defendants' actions, nor does he complain of any concrete injury that is likely to be redressed by the requested declaratory judgment." The judgment was journalized and appellant now timely appeals.

## Standard of Review

{¶ 13} To dismiss a complaint under Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove

4.

no set of facts entitling the party to recovery. *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Appellate review of a Civ.R. 12(B)(6) motion is de novo. *Perrysburg Township v. Rossford*, 149 Ohio App.3d 645, 2002-Ohio-5498, 778 N.E.2d 619, ¶ 14 (6th Dist.).

{¶ 14} The court may not consider material outside the complaint and must view all reasonable inferences in favor of the non-movant. *Pulizzi v. City of Sandusky*, 6th Dist. Erie No. E-03-002, 2003-Ohio-5853, ¶ 6. The court must also view the factual allegations pled as true, and if any facts set forth a viable claim it is improper to dismiss the complaint. *Caston v. Bailey*, 6th Dist. Erie No. E-03-008, 2003-Ohio-4727, ¶ 5.

## Law and Analysis

{¶ 15} In his sole assignment of error, appellant argues that his complaint stated sufficient factual allegations to warrant denial of appellee's motion to dismiss where appellee conceded to acting contrary to local ordinance and appellant suffered a resulting decrease in property value. Appellee contends the complaint failed despite the allegations of a breach of an ordinance and a potential property value decrease therefrom.

{¶ 16} "A motion to dismiss for lack of standing is properly brought pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted." *Beard v. N.Y. Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 7. "Standing requires demonstration of a concrete injury in fact, rather than an abstract or suspected injury." *State ex rel. Consumers League of Ohio v. Ratchford*, 8 Ohio App.3d 420, 424, 457 N.E.2d 878 (10th Dist.1982); *see also Swartz v. Price*, 6th Dist. Lucas No.

5.

L-95-120, 1996 Ohio App. LEXIS 178, *7 (Jan. 26, 1996).  "Demonstration of injury in fact is limited to those situations where an individual can show he has suffered or will suffer a specific injury, even if slight, from the challenged action or inaction, and that this injury is likely to be redressed[.]"  *See Ratchford* at 424.

{¶ 17} In this case, we find appellant's February 24, 2016 amended complaint puts forth no set of facts from which an entitlement to relief can be established.

{¶ 18} R.C. 2721.03 states that any person whose rights, status, or other legal relations are affected by a municipal ordinance may have determined any question of construction of validity arising under the ordinance and obtain a declaration of rights, status, or other legal relations under it.  The elements for declaratory judgment are: "(1) A real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties."  *Burger Brewing Co. v. Liquor Control Com., Dep't of Liquor Control*, 34 Ohio St.2d 93, 296 N.E.2d 261 (1973), paragraph one of the syllabus.

{¶ 19} Here, appellant argues the elements have been satisfied because:

(1) The controversy between the parties arises from the damage occasioned upon Mr. Orser's property value by the unlawful demolition of historic structures within the City's Historic District and immediately adjacent to Mr. Orser's real property.  (2) The matter is justiciable, because Mr. Orser was personally injured by the loss of value to his real property, itself defined as historic and located within the City's Historic District,

6.

which loss of value persists due to and in light of the compromised value of the Historic District as a whole. (3) With respect to Mr. Orser's prayer for injunctive relief specifically, a declaration by the trial court that the violated municipal ordinances are valid and enforceable is required to establish Appellee's liability for Mr. Orser's loss of property value.

{¶ 20} Nevertheless, we find the underlying facts pled would not establish a cognizable claim. Our review of the pleadings specifically reveals that the harm appellant alleges is merely a speculative, "generalized grievance." *See Am. Aggregates Corp. v. Columbus*, 66 Ohio App.3d 318, 323, 584 N.E.2d 26 (10th Dist.1990). Further, we note that appellee's alleged breach of the local ordinance does not confer standing upon appellant because the ordinance does not give rise to a private cause of action. Thus consistent with the trial court's judgment, we are not convinced that a legal interest personal to appellant has been affected, nor are we persuaded that the asserted conclusory statement that appellant's property value has been diminished is sufficient to establish a personal, concrete injury in fact.

{¶ 21} Accordingly, appellant's sole assigned error is not well-taken.

## Conclusion

{¶ 22} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____

                                                 JUDGE

Thomas J. Osowik, J.           

                                                _____

James D. Jensen, P.J.                                     JUDGE
CONCUR.

                                                _____

                                             JUDGE

8.