[Cite as *Kurtock v. Cleveland Bd. of Zoning Appeals*, 2014-Ohio-1836.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 100266

---

# JULIE KURTOCK

### PLAINTIFF-APPELLANT

vs.

# CLEVELAND BOARD OF ZONING APPEALS, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-786398

**BEFORE:** S. Gallagher, P.J., Stewart, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANT**

Alan J. Rapoport
25700 Science Park Drive, Suite 270
Beachwood, OH    44122


**ATTORNEYS FOR APPELLEES CLEVELAND BOARD OF ZONING APPEALS AND CITY OF CLEVELAND**

Barbara A. Langhenry
Director of Law

BY:    Carolyn M. Downey
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE KAREN O'MALLEY, INC.**

Thomas J. Scanlon
Harvey Labovitz
Julie A. Perkins
Collins & Scanlon, L.L.P.
3300 Terminal Tower
50 Public Square
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Julie Kurtock appeals the judgment of the Cuyahoga County Court of Common Pleas that affirmed the decision of the Cleveland Board of Zoning Appeals to grant a use variance to appellee Karen O'Malley, Inc. ("O'Malley"). For the reasons stated herein, we reverse and remand the matter for further proceedings.

{¶2} O'Malley owns the "Harp," a bar-restaurant that offers live music three times per week. O'Malley filed an application with the city of Cleveland's Department of Building and Housing for a "music" use variance to present outdoor entertainment on a patio. The city's zoning administrator not only denied the application, but informed O'Malley that the Harp had been illegally presenting live music because doing so was not a permitted use in a general retail business district and because the restaurant was not located more than 500 feet from a residence district.

{¶3} The Cleveland Board of Zoning Appeals (the "board") reversed the city's decision and granted a use variance over the objection of Kurtock, a local resident who complained about loud music from the restaurant. The board granted the variance to permit live music three nights per week and required O'Malley to comply with the terms of a "Good Neighbor Agreement" in which O'Malley and a local neighborhood organization agreed to certain terms and conditions about how and when the Harp would have live music.

{¶4} Kurtock filed an administrative appeal naming the board as a defendant, along with O'Malley. The lower court granted a motion to dismiss the board as a party

and gave appellant leave to file an amended notice of appeal. Kurtock filed an amended notice of appeal naming appellee city of Cleveland as a party.

{¶5} The lower court affirmed the board's decision. This appeal followed.

{¶6} Kurtock's first assignment of error claims that the court erred by dismissing the board as a party. We find no merit to this argument. The board was not a party to the action, but rather was the body that decided whether the issuance of the variance was appropriate. *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens Nos. 12CA32, 12CA33, 12CA34, and 12CA35, 2013-Ohio-5610, ¶ 11. Further, the board is not a party to an appeal from a case it decides. *Id*.; *see also Russell v. Dublin Planning & Zoning Comm.*, 10th Dist. Franklin No. 06AP-492, 2007-Ohio-498, ¶ 19. Kurtock's first assignment of error is overruled.

{¶7} Kurtock's second assignment of error claims the lower court abused its discretion by granting the use variance.

{¶8} When we review a court of common pleas decision in an administrative appeal, our standard of review is far more circumscribed than that used by the court of common pleas when it sits in an appellate capacity. The court of common pleas has the authority to "find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Unlike the court of common pleas, we do not have the same extensive power to weigh the preponderance of substantial, reliable, and probative evidence that is granted to the lower courts. We

can only review the lower court for errors of law. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

**{¶9}** Initially, we must recognize that the issue of Kurtock's standing to bring an administrative appeal was raised before the lower court, yet it was not addressed in the court's decision. Because standing is a jurisdictional requirement for an administrative appeal, the lower court should have determined standing in the first instance.

**{¶10}** In an administrative appeal, standing is a jurisdictional prerequisite that can be raised at any stage of the proceedings and may also be addressed sua sponte. *Safest Neighborhood Assn.*, 4th Dist. Athens Nos. 12CA32, 12CA33, 12CA34, and 12CA35, 2013-Ohio-5610, at ¶ 10, 34. The party seeking to appeal has the burden of proof to establish standing. *Id*. at ¶ 20.

**{¶11}** "[A] third party property owner has standing to appeal an administrative agency decision under R.C. 2506.01 when that property owner actively participated at the administrative hearing and has been directly affected by the decision." *Safest Neighborhood Assn*. at ¶ 24. One is directly affected, as distinguished from the public at large, when the party can demonstrate a unique harm. *Id*. at ¶ 26. For instance, concerns regarding increased traffic alone have generally been regarded as affecting the public at large, while evidence showing a diminution in property value because of an administrative decision has been found to constitute a direct effect sufficient to confer standing. *Id.*

{¶12} It appears from the record that the only evidence to demonstrate Kurtock's residence was within 500 feet of the Harp was Kurtock's testimony that it was. In any event, the "directly affected" determination is not in any way dependent on what persons are entitled to notice under the municipal code. *Am. Aggregates Corp. v. Columbus*, 66 Ohio App.3d 318, 322, 584 N.E.2d 26 (10th Dist.1990). Rather, the appropriate inquiry for standing is whether the private litigant has complained of "harm which is unique to himself[,]" as opposed to the community at large, in an administrative appeal from a zoning decision. *Willoughby Hills v. C. C. Bar's Sahara*, 64 Ohio St.3d 24, 27, 1992-Ohio-111, 591 N.E.2d 1203.

{¶13} In order to have standing, Kurtock must establish she is directly affected and suffers a unique harm as a result of the variance. Kurtock testified to the noise from the Harp affecting her right to "peace and quiet." Arguably, noise was a concern shared equally by the neighboring community as reflected by the entering of the good neighbor agreement. As the board found, "there is an understanding through a Good Neighbor Agreement that those concerns of noise will be mitigated and to the greatest possible extent through engineering, through design of the stage, and design of useful equipment, outside especially." The board included the conditions of the good neighbor agreement when granting the variance. Although a noise-based injury may provide a basis for unique harm, the injury must be more than speculation and supported by credible evidence.

**{¶14}** We find the matter should be remanded to the lower court for consideration of Kurtock's standing. The lower court should determine whether Kurtock has shown her concerns for excessive noise are substantiated and establish a unique harm.

**{¶15}** Presuming Kurtock has standing, the matter should be returned to the Cleveland Board of Zoning Appeals for a determination of the practical difficulty or unnecessary hardship requirement under Cleveland Codified Ordinances ("CCO") 329.03(b). Pursuant to CCO 329.03(b), the board's authority to grant a variance is limited to specific cases where the following conditions are shown:

> (1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape, or other characteristics of the premises * * * which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provisions of this Zoning Code not generally shared by other land or buildings in the same district;
>
> (2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and
>
> (3) Granting of the variance appealed for will not be contrary to the purpose and intent of this Zoning Code.

**{¶16}** The burden to prove the three conditions set forth in CCO 329.03(b) is on the party seeking the variance, and the failure to establish all three conditions requires the board to deny the requested variance. *See Consol. Mgt., Inc. v. Cleveland*, 6 Ohio St.3d 238, 242, 452 N.E.2d 1287 (1983); *Cleveland v. Patrick Realty*, 8th Dist. Cuyahoga No. 90349, 2008-Ohio-4243, ¶ 24. The board is required to "make a finding on each of the three (3) conditions as they apply in each specific case as a prerequisite for the granting of

the variance." CCO 329.03(c); *Zurow v. Cleveland*, 61 Ohio App.2d 14, 20, 399 N.E.2d 92 (8th Dist.1978).

{¶17} Our review reflects that the board failed to make all of the predicate findings necessary to grant a use variance. The board made findings on two of the three required conditions set forth in CCO 329.03(b): it found that refusing O'Malley's appeal would deprive her of substantial property rights and that granting the variance would not be contrary to the purposes and intent of the zoning code. The board made no mention of "practical difficulty or unnecessary hardship" inherent in and peculiar to the premises that differentiate it from other premises in the same zoning district.

{¶18} We recognize that although the board did not specifically make a finding of practical difficulty or unnecessary hardship, this requirement was considered by the board in reaching its decision. As reflected in the transcript of proceedings, the board was aware of the requirements under the ordinance. Each subsection of CCO 329.03 is to be read and applied in para materia. *Consol. Mgt., Inc.*, 6 Ohio St.3d at 242, 452 N.E.2d 1287.

{¶19} The record also demonstrates that evidence was offered on this point. The transcript reflects that the board chairman inquired into what hardship would happen if the variance were not granted. The attorney for O'Malley responded that a lack of music would result in a 30 percent reduction in persons coming, resulting in a significant detriment to the business. Also, evidence was presented that the Harp had been operating with music for 13 years and sought the variance to become code compliant.

The board recognized that O'Malley had kept a positive business presence during that time and had made property improvements to enhance the economic development of a retail corridor along Detroit Avenue. A "good neighbor agreement" was reached between O'Malley and the local neighborhood organization and submitted to the board prior to the hearing. The board considered that O'Malley agreed to certain conditions concerning the times during which music could be played and that the concerns of noise would be mitigated to the greatest possible extent.

{¶20} Despite any consideration of practical difficulty or unnecessary hardship, the board did not make the requisite finding. The determination should be left to the discretion of the board, and additional evidence may be considered upon any remand.

{¶21} With the absence of findings going to all three of the conditions required to obtain a variance under CCO 329.03(b), the board had no authority to issue the variance. Therefore, the lower court's affirmance of the board's decision was an error of law. The second assignment of error is sustained.

{¶22} The matter is remanded to the lower court for consideration of Kurtock's standing, and if standing is found, for the lower court to remand the matter to the Cleveland Board of Zoning Appeals to address the required finding of unnecessary hardship under CCO 329.03(b). Pending resolution of these issues upon remand, O'Malley shall be permitted to continue existing operations in conformance with the good neighbor agreement.

{¶23} Judgment reversed; cause remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶24} I agree that the court's affirmance of the board of zoning appeals' decision to grant O'Malley a variance must be vacated. The board did not address the issue of practical difficulty or unnecessary hardship, so the court erred as a matter of law by affirming a variance that issued in error. I respectfully dissent from the majority's dicta regarding standing and whether this reversal can be viewed as a remand to allow the board to make a finding that it did not make below.

I

{¶25} In its brief to this court, the city concedes that the court's failure to address standing means that standing is no longer an issue: "[t]he common pleas court did not address the issue of standing. Therefore, it is not properly before this court." The

reason why the court did not address standing is because the city's argument was frivolous. The city's zoning ordinances prohibit a restaurant like the Harp from offering live music unless it is located at least 500 feet from a residential district. The city claimed that Kurtock did not live within 500 feet of the Harp, but it arrived at that conclusion by calculating the *driving distance* from the Harp to Kurtock's house. The proper method of determining distance is by drawing a straight line from the edge of the Harp's property to Kurtock's house; colloquially, "as the crow flies." There is no question that Kurtock's house is within a 500-foot radius of the Harp, so she plainly had standing. The court showed the city mercy by not addressing that argument.

{¶26} The majority now offers a standing argument that the city did not raise: it suggests that Kurtock has not shown a "unique" harm sufficient to confer standing because everyone else in the "neighboring community" was likewise subjected to music emanating from the Harp. This begs the question of who has standing to challenge the variance. If Kurtock, a resident living within 500 feet of the Harp, lacked standing to oppose the variance, no one would have standing to object. That is an untenable conclusion.

II

{¶27} The majority also engages in dicta to suggest that the board's failure to make any finding on the unnecessary hardship factor is an omission that can be cured on remand because O'Malley offered evidence of unnecessary hardship in its application to the board. There are two difficulties with this dicta.

**{¶28}** First, it incorrectly assumes that the board's failure to make all of the required findings somehow means that this case is still open and subject to remand to rule on the unnecessary hardship requirement. That the board did not make a finding on unnecessary hardship must be viewed as a failure of proof such that a variance could not issue and this case is now over. We reached this same conclusion in *Cleveland v. Patrick Realty*, 8th Dist. Cuyahoga No. 90349, 2008-Ohio-4243, where we found that the city's board of zoning appeals failed to make a finding on all of the requirements necessary to grant a variance under Cleveland Codified Ordinances 329.03(b), so "the trial court should have found that 'there is not a preponderance of reliable, probative and substantial evidence to support the board's decision.'" *Id.* at ¶ 35 (citation omitted). We thus mandated that the trial court enter "final judgment" in favor of the party opposing the variance. *Id.* If O'Malley wishes to further pursue a variance, it must begin anew by filing a new application for a variance.

**{¶29}** Second, I see no basis from which it can be concluded that the board simply omitted making a finding on unnecessary hardship. I agree that O'Malley offered evidence on unnecessary hardship, but that evidence was legally insufficient to prove the requirement. O'Malley told the board that the Harp suffered a "30 percent reduction in persons coming in" on nights when it did not present live music. A 30 percent reduction in "persons" coming in does not necessarily correlate to a 30 percent reduction in revenue. But the Harp did not play music on the majority of nights when it was open, so it is better to say that O'Malley's business improved by 30 percent when she offered live

music.  Viewed in that light, she was seeking the variance because live music was better for business, not because her business was unprofitable without music.  The Ohio Supreme Court has made it plain that "the mere fact that one's property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification."  *Consol. Mgt., Inc. v. Cleveland*, 6 Ohio St.3d 238, 242, 452 N.E.2d 1287 (1983).  The board's failure to make a finding of unnecessary hardship could thus be viewed as it not finding any evidence for that requirement.