[Cite as *Hicks v. Union Twp.*, 2023-Ohio-3828.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


CHRISTOPHER HICKS,                          :

    Appellant,                              :        CASE NO. CA2023-03-014

                                            :        O P I N I O N
    - vs -                                          10/23/2023

                                            :

UNION TOWNSHIP, CLERMONT             :
COUNTY, BOARD OF TRUSTEES,
                                            :
    Appellee.


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CVF 1086


Christopher Hicks, pro se.

Bricker Graydon LLP, and Brodi J. Conover, for appellee.



    **PIPER, P.J.**

    {¶ 1}  Appellant, Christopher Hicks, appeals the decision of the Clermont County

Court of Common Pleas, granting a motion to dismiss in favor of appellee, Union Township,

Clermont County, Board of Trustees ("Board").  The issue on appeal is whether Hicks has

standing to bring an administrative appeal.

**Facts and Procedural History**

    {¶ 2}  On October 11, 2022, the Board held a public hearing on an application for

an amendment to a Planned Development District Plan ("PD Plan") for property located at 4412 Mt. Carmel Tobasco Road, Union Township, Clermont County, Ohio ("Property"). The amendment would allow a medical marijuana dispensary to operate on the Property.

{¶ 3} The Union Township Development Director began the hearing with the presentation of a staff report summarizing the proposed amendment, the zoning regulations applicable to the Property, and recommendations for conditions on the proposed use. The Development Director concluded that a medical marijuana dispensary is a retail use, which is a permissible use of the Property pursuant to the PD Plan and Zoning Resolution.

{¶ 4} Following the staff report, the Board heard comments from members of the public. Hicks spoke during the hearing and questioned whether the location was an appropriate place for a medical marijuana dispensary. Hicks did not present any evidence or otherwise claim that the proposed dispensary would impact his property. The Board then closed the public hearing and deliberated on the amendment. The Board ultimately approved the amendment by a vote of 2-1.

{¶ 5} Hicks appealed the Board's decision to the Clermont County Court of Common Pleas. The Board filed a motion to dismiss the administrative appeal based on Hicks' lack of standing to bring the appeal. Hicks filed a response arguing that the motion to dismiss was premature. The common pleas court dismissed Hicks' appeal finding he lacked standing. Hicks filed a timely appeal, raising a single assignment of error for review.

**Appeal**

{¶ 6} THE CLERMONT COUNTY COURT OF COMMON PLEAS ERRED BY DISMISSING THE CASE, CLAIMING HICKS LACKED STANDING.

{¶ 7} In his sole assignment of error, Hicks argues the common pleas court erred by dismissing the case based on lack of standing. It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish

standing to sue. *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994).

{¶ 8} "Because one cannot appeal an administrative order absent statutory authority, the trial court has no jurisdiction to hear a case unless authority to appeal is granted by statute." *Alesi v. Warren Cty. Bd. of Commrs*, 12th Dist. Warren Nos. CA2013-12-123, CA2013-12-124, CA2013-12-127, CA2013-12-128, CA2013-12-131, and CA2013-12-132, 2014-Ohio-5192, ¶ 17. Therefore, standing is a jurisdictional prerequisite that cannot be waived. *Id.*

{¶ 9} "The burden of proof to establish standing lies with the party seeking to appeal and therefore that party must ensure that the record supports his or her claim of standing." *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens Nos. 12CA32 thru 12CA35, 2013-Ohio-5610, ¶ 20; *Kurtock v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 100266, 2014-Ohio-1836, ¶ 10. Whether a party has established standing to bring an action before the court is a question of law, which we review de novo. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 20.

{¶ 10} The Ohio Supreme Court has delineated standing requirements for third-party, private-property owners under R.C. 2506.01. *Alesi* at ¶ 19, citing R*oper v. Bd. of Zoning Appeals*, 173 Ohio St. 168, 173 (1962); *Schomaeker v. First Natl. Bank*, 66 Ohio St.2d 304 (1981); *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992). First, the property owner must have actively participated in the administrative hearing. *Lupo v. Columbus*, 10th Dist. Franklin No. 13AP-1063, 2014-Ohio-2792, ¶ 29. Second, the property owner must demonstrate that he is "directly affected by the administrative decision" and the decision will cause him to suffer a harm that is "unique to himself." *Alesi* at ¶ 19-21; *Willoughby Hills* at 27.

{¶ 11} The common pleas court determined Hicks failed to satisfy the second part of the standing analysis, i.e., a showing that he will suffer a unique harm. The "directly

affected" requirement is met where the property owner shows some unique harm that is distinct from the harm suffered by the community at large. *Safest Neighborhood* at ¶ 25; *Kurtock*, 2014-Ohio-1836 at ¶ 11-13. In determining whether a property owner has suffered unique harm, courts look "'beyond physical proximity to determine if the order constitutes a determination of the rights, duties, privileges, benefits or legal relationships of a specified person.'" *Citizens Against Blasting on our Miami v. Anderson Twp. Bd. of Zoning Appeals*, 1st Dist. Hamilton Nos. C-120011 thru C-120015, 2012-Ohio-6145, quoting *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 382 (4th Dist. 1998).

**Analysis**

{¶ 12} In the present case, Hicks failed to meet his burden of proof establishing that he has standing to appeal the Board's decision. It is undisputed that Hicks does not live on property adjacent or contiguous to 4412 Mt. Carmel Tobasco Road. To establish that a noncontiguous property owner is adversely affected by an administrative decision, the property owner may not rest on speculation, but must support his claims with competent evidence. *Philbin v. Cleveland*, 8th Dist. Cuyahoga No. 105356, 2017-Ohio-9162, ¶ 22.

{¶ 13} Despite his arguments to the contrary, Hicks has not presented any evidence that he will be directly affected by the Board's decision. His statements during the hearing questioned the location of the medical marijuana dispensary referencing nearby homes and a school in the vicinity, but those are generalized concerns about the community, rather than concerns that are unique to him. In his response to the motion to dismiss, Hicks suggested that allowing a medical marijuana dispensary could increase crime or traffic in the area, which he claims could lower his residential property value. However, he did not present any evidence to substantiate his assertions. Furthermore, as correctly noted by the common pleas court "such non-specific, unsupported allegations are too speculative in nature to establish standing." *Helms v. Koncelik*, 10th Dist. Franklin No. 08AP-323, 2008-

Ohio-5073, ¶ 33 ("[A] mere allegation that property value has been or will be diminished is not sufficient to sustain an appellant's burden to prove standing").

{¶ 14} On appeal, Hicks argues the common pleas court did not consider his argument that he has a legally protected interest to ensure the Board follow its zoning laws in his "unique area of the Township," and that the Board's failure to follow the Zoning Resolution causes him an "injury in fact." However, Hicks' arguments are not supported by law. Hicks failed to show that he had unique or distinct harm making him "directly affected" by the administrative decision. *Willoughby Hills*, 64 Ohio St.3d at 27. In his reply brief, Hicks argues that the supreme court's decision in *Willoughby Hills* should confer standing to him. Yet, *Willoughby Hills* involved a municipality's right to appeal where the municipal charter expressly allowed the municipality to seek appellate review of determinations made by its board of zoning appeals. *Id.* at 31. In that decision, the supreme court expressly recognized the difference between a municipality and a third-party property owner. *Id.* at 27. Despite Hicks' argument to the contrary, we find nothing in the record to support Hicks' claim that he has standing. He identifies no unique harm and fails to establish how he is directly affected by the administrative decision. His arguments to the contrary are simply conclusory and speculative. Accordingly, we agree with the common pleas court that Hicks does not have standing.

## Conclusion

{¶ 15} For the reasons detailed above, we find the common pleas court did not err in finding that Hicks lacked standing. Therefore, we find Hicks' sole assignment of error is without merit and is hereby overruled.

{¶ 16} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.