[Cite as *Helms v. Dept. of Neighborhood Assistance*, 2024-Ohio-53.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JOEL HELMS | C.A. No. 30618 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEPARTMENT OF NEIGHBORHOOD ASSISTANCE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2021-08-2447 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: January 10, 2024

HENSAL, Presiding Judge.

{¶1} Joel Helms appeals an order of the Summit County Court of Common Pleas that affirmed a demolition order issued by the Akron Housing Appeals Board. This Court affirms.

I.

{¶2} On July 20, 2021, the Akron Housing Appeals Board ("the Housing Appeals Board") issued a demolition order for a house located at 1117 Ackley Street. Mr. Helms appealed the order to the Summit County Court of Common Pleas. In its appeal brief, the Housing Appeals Board argued that Mr. Helms did not have standing to pursue an administrative appeal under Revised Code Chapter 2506 because he was not directly affected by the demolition order. Mr. Helms maintained that he had an interest by virtue of a "land contract" evidenced by "internal utilities records[.]" The trial court noted that Mr. Helms did not own the property and had not produced a copy of any land contract that would establish the interest he asserted. Based on these conclusions, the trial court concluded that Mr. Helms did not have standing to pursue an

administrative appeal. Mr. Helms appealed to this Court, raising four assignments of error. His assignments of error are rearranged for ease of disposition.

II.

## ASSIGNMENT OF ERROR III

DOES HELMS HAVE STANDING TO DEFEND 1117 ACKLEY FROM THE DEPARTMENT OF NEIGHBORHOOD ASSISTANCE DEMOLITION REQUEST?

{¶3} In his third assignment of error, Mr. Helms argues that the trial court erred by determining that he did not have standing to pursue an administrative appeal under Chapter 2506. This Court does not agree.

{¶4} A person seeking relief must establish standing before an Ohio court considers the merits of a legal claim. *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, ¶ 15, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999). At a fundamental level, standing refers to the right of a party to "'make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). As the Supreme Court of Ohio has recognized,

> "Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' *Baker v. Carr*, [369 U.S. 186, 204 (1962)] * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' *Flast v. Cohen*, [392 U.S. 83, 101 (1968)]."

*State ex rel. Dallman v. Court of Common Pleas, Franklin Cty.*, 35 Ohio St.2d 176, 178-179 (1973), quoting *Sierra Club v. Morton*, 405 U.S. 727, 732 (1972). When determining questions of standing, courts should consider the substantive issues "'to determine whether there is logical

nexus between the status asserted and the claim sought to be adjudicated * * * to assure that [the litigant] is a proper and appropriate party to invoke' legal proceedings." (Alterations in original.) *Clifton* at ¶ 18, quoting *Flast* at 102. This Court reviews determinations of standing de novo. *See Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 20.

{¶5} Under Section 2506.01(A), "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." Although Section 2506.01(A) does not address the parties to an administrative appeal, the Supreme Court of Ohio has concluded that standing extends to "person[s] directly affected by the decision" of an administrative body. *See Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 312 (1981). A person is "directly affected" by an administrative decision when that party can identify a harm unique to them as opposed to one applicable to the public in general. *Kurtock v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 100266, 2014-Ohio-1836, ¶ 11.

{¶6} The Affidavit of Condemnation Proceedings contained in the record of the Housing Appeals Board stated that the record owner of the property at issue was the Estate of Nannie Harouff. Although Mr. Helms was identified in the administrative record as an "[a]gent[,]" the housing compliance supervisor explained during the administrative hearing how that happened:

> [H]is sister drove by and stopped at the property while the inspector was there and said that her brother owns this house, his name is Joel Helms, and provided his phone number. Told her Nannie Harouff - - the inspector said that Nannie Harouff was on the deed, so we will issue orders to her estate and consider Joel Helms as an agent.

Mr. Helms also described his purported relationship with the late owner:

> I bought the home under land contract from her. When she declared bankruptcy, the property was separated from the bankruptcy, and I paid it off - - totally paid it

off to get it out of the bankruptcy, and it is in my name since then. Essentially, I've been paying the taxes for the last 15, 18 years, and the process - - because once she died, it costs, essentially, to get - - go to the court action, and it's about 350 bucks to - - to - - to file it in my name.

Mr. Helms stated that Ms. Harouff's estate was not probated, and he explained that he never paid the fee for a recorded transfer. He maintained that the land contract was recorded, but no documentation regarding that agreement appears in the record. Mr. Helms stated that he owned the property "for tax records[.]" Records of the Summit County Fiscal Office, however, identified the late Ms. Harouff as the owner, although Mr. Helms' mailing address was listed. There was no dispute that the property had been vacant for several years.

{¶7} Based on the evidence in the administrative record, this Court agrees that Mr. Helms has not demonstrated that he is directly affected by the demolition order for purposes of standing to file an administrative appeal. The trial court did not err by affirming the demolition order on this basis, and Mr. Helms' third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE HEARING LACKED PROBATIVE EVIDENCE / PROCEDURE AND THEREFORE LACKED SUBSTANTIAL AND RELIABLE EVIDENCE CREATING A PREJUDICIAL EFFECT.

## ASSIGNMENT OF ERROR II

DID THE ACO 150.051A REPORT GIVEN TO THE BOARD DERIVE FROM POISONED PROCEDURE?

## ASSIGNMENT OF ERROR IV

DID THE BOARD PROCEED WITH HEARING LACKING REQUIRED NOTIFICATION PROCEDURE OR CONTINUE HEARING AFTER DISCOVERING COMPLAINT NOT VALID?

{¶8} Mr. Helms' first, second, and fourth assignments of error challenge aspects of the demolition order on the merits. Because the trial court did not err by concluding that Mr. Helms did not have standing to appeal under Chapter 2506, his remaining assignments of error are moot.

*See La Gar Marketing, Inc. v. W. Finance & Lease, Inc.*, 9th Dist. Summit No. 25742, 2012-Ohio-4800, ¶ 15.

III.

**{¶9}** Mr. Helms' third assignment of error is overruled. His first, second, and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOEL HOLMS, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.